UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                          Plaintiff,

                                                    DECISION AND ORDER

                                                    05-CR-6069L
                                                    09-CV-6316L

                        v.

EUGENE LIBBETT,

                          Defendant.
_____

On September 19, 2006, defendant Eugene Libbett ("Libbett"), pleaded guilty to four counts of the indictment. Thereafter, on February 28, 2007, Libbett was sentenced principally to 110 months on Counts 1-3 and 12 months concurrent on Count 4.

Libbett appealed the judgment challenging the reasonableness of the Court's sentence. In a decision filed July 15, 2008, the United States Court of Appeals for the Second Circuit found that the sentence was not unreasonable and, therefore, affirmed the Judgment of Conviction.

Pending before the Court is Libbett's *pro se* motion to vacate, brought pursuant to 28 U.S.C. § 2255 (Dkt. #73). The Government has responded (Dkt. #75) to the motion and Libbett filed a reply (Dkt. #78). I have considered all these pleadings, all other papers filed in the case, and have reviewed the record of the plea and sentencing. The motion to vacate is denied.

Libbett now challenges his classification as a Career Offender under the United States Sentencing Guidelines and claims that his lawyers, both trial and appellate, provided ineffective

assistance of counsel for failing to properly "investigate" issues relating to the Career Offender determination. Neither claim warrants relief.

First of all, at the time of sentencing, it was clear that both the Probation Deparment and the Government believed that Libbett was a Career Offender and, therefore, his Criminal History Category would be a VI. At sentencing, neither Libbett nor his attorney raised any objection to the determination by the Probation Department that Libbett was a Career Offender under the Guidelines.

Libbett now claims that he should not have been classified as a Career Offender but he raised no objection to that determination at the time of the plea or sentencing and, most significantly, that issue was not raised on appeal.

Proceedings under § 2255 are not meant to be an additional opportunity to raise issues that could have been raised on direct appeal. There was no reason why issues concerning defendant's Criminal History Category could not have been raised on direct appeal. Furthermore, although the Second Circuit Court of Appeals did not comment directly on the propriety of the Career Offender determination, it considered Libbett's challenges to the sentence and found the Court's sentence of 110 months to be reasonable. In any event, based on the prior convictions, including Assault in the Second Degree and Possession of a Weapon in the Second Degree, which are crimes of violence, Libbett was properly classified as a Career Offender. United States Sentencing Guidelines, § 4B1.1(a); § 4B1.2(a).

Libbett's claim that his attorneys provided ineffective assistance of counsel requires little comment. Libbett has failed to meet either prong of the two-part test established by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984). Libbett has failed to

establish that counsel's performance was deficient and that he suffered some prejudice because of it. The burden is on Libbett and it is a heavy one to establish that his attorneys made errors so serious that they deprived him of effective counsel under the Sixth Amendment. The record was clear at sentencing that both counsel and Libbett understood that based on his prior convictions he was facing a classification as a Career Offender. No objection was raised to that determination and other matters raised by Libbett now are directly contradicted by the colloquy that he had with the Court at the time the guilty plea was entered.

The entire effort at sentencing was to convince the Court to impose a non-Guideline sentence and Libbett's trial counsel made vigorous arguments in that regard. That issue -- the Court's failure to sentence below the Guidelines -- was precisely the issue on appeal and those claims were rejected by the Court of Appeals.

## CONCLUSION

The motion of defendant Eugene Libbett to vacate the Judgment and Conviction, brought pursuant to 28 U.S.C. § 2255, is denied and the proceeding dismissed.

I decline to issue a certificate of appealability because Libbett has failed to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c).

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       June 30, 2010.